CLEMENTS v. CLEMENTS.

1. Partnership—Dissolution—Assets—Week-to-Week Tenancy.
    A week-to-week tenancy at the whim and caprice of the parents of
    defendant and his deceased brother whose widow sought an
    accounting of assets of parking lot operation the brothers
    had conducted as a partnership on land leased from their
    parents *held*, not an asset of the partnership for which the
    surviving brother who continued the business must account
    under the uniform partnership act, where evidence showed
    parents had declined to rent the premises to others than the
    sons for a substantially higher rent at about the time the
    brothers took over the operation of the lot (CL 1948, § 449.42).

2. Same—Dissolution—Speculation as to Assets.
    The determination of a court that the leassee's interest in a
    parking lot, owned by parents of the men who formed a
    partnership to operate it, constituted a partnership asset of
    value when partnership was dissolved by death of one of the
    brothers, cannot rest upon mere conjecture or speculation (CL
    1948, § 449.42).

3. Same—Dissolution—Accounting—Week-to-Week Tenancy.
    Accounting for partnership assets of parking lot operation which
    had been conducted by 2 brothers as a partnership until death
    of 1 of them is limited to determination of the value of a time
    clock, the sole tangible asset, where the lease of the premises
    was on a week-to-week basis from the parents of the brothers
    (CL 1948, § 449.42).

Appeal from Wayne; Bohn (Theodore R.), J.
Submitted Division 1 January 5, 1966, at Detroit.
(Docket No. 282.)   Decided February 22, 1966.
Rehearing denied April 1, 1966.   Leave to appeal
denied by Supreme Court June 21, 1966.   See 378
Mich 720.

---

References for Points in Headnotes
[1–3] 40 Am Jur, Partnership §§ 108, 233 *et seq.*

Bill by Maxine Clements, administratrix of the estate of Charles Edward Clements, against Edward Horsman Clements seeking an accounting of the assets in a partnership. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Douglas Leo Patterson,* for plaintiff.

*Travis, Warren & Nayer (Harry M. Nayer,* of counsel), for defendant.

J. H. GILLIS, J.    In 1957 the defendant and his brother Charles Edward Clements formed a partnership to operate a parking lot on property owned by their parents in the city of Detroit.    The brothers had no lease with their parents but rented the parking lot on a week-to-week basis at a weekly rent of $395.[1]    No capital investment, improvements to the property, or real-estate taxes were paid by the brothers, and the sole tangible asset of the partnership consisted of a time clock, valued at less than $100. Charles Clements died July 15, 1960, survived by his wife Maxine Clements, plaintiff herein, and two children.    Defendant accounted to plaintiff for her deceased husband's share of the profits up to the date of his death.

Plaintiff commenced suit in the Wayne county circuit court seeking an accounting of partnership assets.    At trial, an expert witness testified on behalf of the plaintiff that in his opinion the value of the business at the time of Charles Clements' death would be the same as the net income of the parking lot operation for the year immediately preceding the partner's death.    The parties hereto stipulated that this net income was $12,500.    Plaintiff further con-

---

[1] The transcript established that a weekly rent of $395 was paid. However, the statement of facts in both plaintiff's and defendant's briefs sets the figure at $385 per week.

tended since no accounting had ever been made, the estate was entitled to one-half of the net income derived from the parking operation from the death of Charles Clements up to the date of trial.

Defendant contends that since the partnership did not have a lease on the land and since the business was operated on a week-to-week tenancy at the will of the parents and there were no partnership assets other than the time clock, there was no need for an accounting. At trial, an expert witness testified on behalf of the defendant that in his opinion, on the date of Charles Clements' death, the business had no salable value or, at most, only a nominal value.

The trial court found in favor of the plaintiff and granted a decree winding up and dissolving the partnership and awarding plaintiff $15,392.95, which sum represented $6,250 for the value of Charles Clements' interest in the partnership at the date of his death, $8,744.95 representing one-half of the net profits of the business from the date of Charles Clements' death until March 29, 1962, and $398 interest.

The trial court based its decision on section 42 of the uniform partnership act, which states:

"When any partner retires or dies, and the business is continued under any of the conditions set forth in section 41 (1, 2, 3, 5, 6), or section 38 (2b), without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the

dissolved partnership." CL 1948, § 449.42 (Stat Ann 1964 Rev § 20.42.)

The court relied upon the testimony of plaintiff's expert in arriving at his decision concerning the value of the deceased partner's interest in the partnership at the time of death. The expert witness, in response to a question as to how he arrived at his formula for valuing the interest, testified:

"*A.* I think in this instance, where you only have a weekly tenancy, and there is no long lease involved, it would be restricted to only capitalizing the one year's earnings, because of the risk involved, not knowing whether a prospective purchaser had any assurance that this relationship would continue. I think, however, in the particular instance of this lot that I have been asked to appraise it would be reasonable to assume that there would be a market value of a one-half interest, particularly where the other partner was the son of the owners of the property. I mean it would be reasonable to assume that the family relationship that existed there would indicate to a buyer that there is a friendly and would be a continued relationship."

Testimony at the trial disclosed that the tenancy between the parents and the sons was based primarily upon their love and affection for their children and their desire to provide occupations for them. The record further disclosed that the parents could have obtained approximately $3,500 a year more rent for the property in question from a third party.

This Court must determine whether the surviving partner complied with section 42 of the uniform partnership act, *supra.*

The week-to-week tenancy at the whim and caprice of the parents of the Clements brothers does not constitute a partnership asset which is subject to the provisions of section 42 of the uniform partnership act, *supra.* The partnership having been dis-

solved on the death of Charles Clements, the administratrix, plaintiff herein, was entitled to nothing other than one-half of the undistributed profits then accrued and one-half of the value of the time clock. The record discloses that plaintiff received one-half of the accrued profits.

Plaintiff's expert testimony, upon which the trial court relied to formulate his opinion on the value of the partnership assets, was based upon a false premise. He testified:

"The family relationship that existed there would indicate to a buyer that there is a friendly and would be a continued relationship."

The record fails to support this proposition. In fact the record establishes the contrary to be true. The mother of the Clements brothers testified that she would not rent it to anyone else and a witness testified that he had offered to lease the property at a substantially higher rent at about the time the brothers took over the operation of the lot and the parents declined to let him lease the property. Any buyer, knowing the factual situation in the instant case and possessing the knowledge that the parents had heretofore refused a higher annual rental rate from a third party than that accepted from their own flesh and blood, would hardly pay anything to buy into a partnership based on such an uncertain foundation. The trial court's decision cannot rest upon mere conjecture or speculation. See *Michigan Aero Club* v. *Shelley* (1938), 283 Mich 401, 412.

Judgment reversed. This cause is remanded to the circuit court for a determination of the value of the time clock and the entry of judgment for plaintiff for one-half of the value thereof. Costs to appellant.

LESINSKI, C. J., and QUINN, J., concurred.